**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 16 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBIN ELAINE JACKSON, | No. 19-16575 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-00920-MCE-DB |
| v. | |
| COUNTY OF SACRAMENTO DEPARTMENT OF HEALTH AND HUMAN SERVICES; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted July 14, 2020**

Before:     CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

Robin Elaine Jackson appeals pro se from the district court's summary

judgment in her employment action alleging federal and state law claims.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Toguchi v. Chung*, 391

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

F.3d 1051, 1056 (9th Cir. 2004).  We affirm.

The district court properly granted summary judgment on Jackson's Title VII race discrimination claim because Jackson failed to exhaust her administrative remedies.  *See B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002) (Title VII plaintiff must exhaust administrative remedies by filing a timely EEOC or state agency charge, and allegations not included in an EEOC charge "may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge" (citations and internal quotation marks omitted)).

The district court properly granted summary judgment on Jackson's 42 U.S.C. § 1981 race discrimination claim because Jackson failed to raise a genuine dispute of material fact as to whether the alleged discrimination was the result of an official policy, a long-standing practice or custom, or a decision of a final policymaker.  *See Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1215-16 (9th Cir. 1996) (policy and custom requirement set forth in *Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978), applies to § 1981 claims).

The district court properly dismissed Jackson's claim under the Family and Medical Leave Act ("FMLA") because Jackson failed to file her FMLA claim within the two-year limitations period, and failed to allege facts sufficient to show

that the three-year limitations period for a willful violation of the statute applied. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (standard of review; although pro se pleadings are liberally construed, a plaintiff must allege facts sufficient to state a plausible claim); *see also* 29 U.S.C. § 2617(c) (setting forth two-year limitations period in which a plaintiff may bring a civil action and three-year limitations period for an action brought for a "willful violation" of the FMLA).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**